IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE PEPE LEWIS, | No. C 08-4832 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| JAMES WALKER, Warden, | |
| Respondent. | |

Petitioner, a California prisoner currently incarcerated at California State Prison-Sacramento, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

Venue is proper because the conviction was obtained in Santa Clara County, which is in this district. *See* 28 U.S.C. § 2241(d).

**STATEMENT**

A jury convicted petitioner of second degree robbery, *see* Cal. Penal Code §§ 211, 212.5(c); false imprisonment, *see id.* at §§ 236, 237; and possession of a firearm by a felon, *see id.* at § 12021(a)(1). With sentencing enhancements, he was sentenced to twenty-four years in prison. His conviction was affirmed on direct appeal by the California Court of Appeal, and the California Supreme Court denied review.

///

///

**DISCUSSION**

**A.  STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.  LEGAL CLAIMS**

Petitioner list only one issue in the "Grounds for Relief" section of the petition, that his Confrontation Clause rights were violated when the trial court admitted out-of-court statements by a co-defendant and by another person involved in the crime. In the "Supporting Facts" for this claim he says "See Attached." The attachment is a twelve-page typed argument, the first part of which is a claim that his due process rights were violated by the prosecutor's arguing inconsistent theories as to him and a co-defendant. Although it is not entirely clear, the petition will be treated as presenting two issues, that (1) petitioner's Confrontation Clause rights were violated by admission of the out-of-court statements; and (2) his due process rights were violated by the prosecutor's arguing inconsistent theories.

As to the second issue, petitioner does not say what the inconsistent theories were, nor does he say exactly what the prosecutor did to present them to the jury – for instance, he could

1 have quoted or paraphrased part of a closing argument in which inconsistent theories were
2 presented, or whatever.  He thus has failed to state facts that point to a real possibility of
3 constitutional error as to this issue.  It will be dismissed

## CONCLUSION

1. Issue two is **DISMISSED**.

2. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of service of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.  If a motion is filed it will be ruled upon without oral argument, unless otherwise ordered.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel.  Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned.  Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time.  Failure to do so may result in the dismissal of this

3

action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: December  11 , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\LEWIS832.OSC.wpd

4